IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS J. HAINES, | CASE NO. 1:24-cv-2134 |
| Petitioner, | DISTRICT JUDGE |
| | CHARLES ESQUE FLEMING |
| vs. | |
| | MAGISTRATE JUDGE |
| WARDEN SHELBIE SMITH, | JAMES E. GRIMES JR. |
| Respondent. | **REPORT AND** |
| | **RECOMMENDATION** |

Douglas J. Haines filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. Haines is currently in custody at the Belmont Correctional Institution serving a sentence of 28 to 33 years' imprisonment imposed by the Ashtabula County Court of Common Pleas in *State v. Haines*, Case No. 2022cr0016. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court deny Haines's petition.

## Summary of underlying facts

In habeas corpus proceedings brought under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). "This presumption also applies to the factual findings that [a] state appellate court makes on its review of the state trial record." *Johnson v. Bell*,

525 F.3d 466, 474 (6th Cir. 2008). The petitioner has the burden of rebutting

that presumption by clear and convincing evidence. *Id.*

The Ohio Court of Appeals for the Eleventh Appellate District

summarized the facts underlying Haines's conviction following his trial as

follows:

> {¶2} On January 13, 2022, the Ashtabula County
> Grand Jury indicted Haines on one count of Rape
> (Count One), a felony of the first degree in violation
> of R.C. 2907.02(A)(1)(b) and (B), and four counts of
> Rape (Counts Two to Five), felonies of the first
> degree in violation of R.C. 2907.02(A)(2) and (B).
>
> {¶3} On October 14, 2022, a Written Plea of Guilty
> and Plea Agreement was entered in the trial court's
> docket. According to the Agreement, Haines entered
> a plea of "guilty" to Rape (Counts Two to Four) in
> exchange for the State dismissing the remaining
> Rape charges (Counts One and Five). Moreover, the
> parties "[s]tipulate[d] to an agreed upon sentence of
> 9 years on Counts 3 and 4 and 10 years on Count 2,
> each count consecutive to one another for a total of
> 28-33 years in prison."
>
> {¶4} On the same date, the trial court issued a
> Judgment Entry of Guilty to Negotiated Plea and
> Sentencing.

*State v. Haines*, 2023-Ohio-3016, 2023 WL 5529698, at *1 (Ohio Ct. App. 2023).

### Procedural background

After the trial court entered judgment, Haines filed a notice of appeal.

Doc. 7-1, at 21. In his supporting brief, Haines raised three assignments of

error:

> 1. The trial court abused its discretion by denying
>    Appellant's motion to withdraw plea.

2

2.  The trial court erred in denying Appellant's motion to withdraw plea where Appellant was denied his rights to the effective assistance of counsel and due process as guaranteed by the Sixth and Fourteenth Amendments.

3.  Appellant was not advised on his limited appellate rights, specifically that he could not challenge his sentence under R.C. 2953.08, thereby rendering his plea invalid

Doc. 7-1, at 67–85.

In March 2023, Haines filed in the trial court a motion to withdraw his plea and a motion to stay his appeal. *Id*. at 37–49, 51. In the motion, Haines argued that because he was not told that an agreed sentence could not be appealed, his guilty "plea was not made knowingly and must be vacated to correct a manifest injustice." *Id*. at 39–41; *see* Ohio Rev. Code § 2953.08(D)(1) ("A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.").

Haines also argued that his trial counsel was ineffective. Doc. 7-1, at 42. In support of this argument, he relied on his appellate counsel's assertion that Haines's trial counsel gave Haines "a proposal and plea paperwork the day of his scheduled hearing." *Id*. Appellate counsel further asserted that Haines had little "time to review the document with his attorney before being rushed into the courtroom." *Id*. Counsel also asserted that were it not for trial "counsel's representations, [Haines] would have proceeded to trial." *Id*.

3

In April 2023, the court of appeals construed the motion to stay as a motion for a limited remand to allow the trial court to rule on the motion to withdraw Haines's plea. *Id.* at 57. So construed, the court of appeals granted the motion and directed its clerk to refile the record after the trial court ruled on the motion to withdraw. *Id.* at 57–58.

On remand, the trial court "overruled" Haines's motion. *Id.* at 63–66. The trial court first held that, contrary to Haines argument, it had advised him of his appeal rights. *Id.* at 64 (citing Doc. 7-2, at 6, 30–31). As to the ineffective-assistance-based aspect of Haines's motion, the trial court noted that because Haines offered no extra-record evidence to support his motion, it was necessarily "based solely []on the record." *Id.* at 65. And the record reflected that the following colloquy occurred during the plea hearing:

| | |
|---|---|
| THE COURT: | So, you've had a chance to go over this Plea Agreement in detail with your attorney? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Has he answered all your questions? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Has he done what you've asked him to do? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Do you need more time to talk to him? |
| THE DEFENDANT: | No. |

Doc. 7-1, at 65–66 (quoting Doc. 7-2, at 3). The trial court then noted that during plea hearing, Haines:

4

> was instructed to read portions of his written plea
> agreement into the record, paragraph by paragraph,
> and then he was asked whether he understood what
> he had read and what rights he was waiving, and
> whether he had any questions. The defendant
> indicated he understood what he had read and that
> he did not have any questions.

*Id*. at 66. The trial court then remarked that nothing in the record showed that

Haines's plea was not "knowing[], intelligent[], and voluntar[y]." *Id*. As a

result, it concluded that there were no grounds to support Haines's motion. *Id*.

Haines's case then returned to the court of appeals. In August 2023, it

affirmed the trial court. *Haines*, 2023 WL 5529698. It first noted that Haines

failed to present evidence in support of his claim of ineffective assistance and

the record otherwise belied his claim. *Id*. at *2–3. The court also rejected the

argument "that the reliability of the proceedings was undermined by trial

counsel's failure to bear skill and knowledge." *Id*. at *3.

Finally, the court of appeals rejected Haines's argument "that his plea

was invalid because 'the trial court failed to explain that [he] could not appeal

his sentence in this case' since, '[u]nder [Ohio Revised Code §] 2953.08, a

stipulated sentence is not subject to appeal as [of] right.'" *Id*. at *4. The court

remarked that it:

> has expressly rejected the argument raised by
> Haines on the grounds that such an advisement is
> not required by Criminal Rule 11(C) at the time of
> accepting a guilty plea, by Criminal Rule 32(B)(2) at
> the time of sentencing, or by any constitutional
> requirement: "[T]he trial court does not have a duty
> to advise a defendant that a jointly recommended
> sentence is precluded from appellate review," so that

5

> "[t]he trial court's failure to advise appellant of the limitation found in R.C. 2953.08(D)(1) was not error." *State v. Weir*, 11th Dist. Ashtabula No. 2017-A-0039, 2018-Ohio-2827, ¶ 21 (cases cited).

*Id.*

Haines later filed a notice of appeal with the Ohio Supreme Court, together with a motion for delayed appeal. Doc. 7-1, at 110–13. After the court granted the motion to file a delayed appeal, *id.* at 122, Haines filed a memorandum in support of jurisdiction in which he raised three propositions of law:

> 1. The trial court abused its discretion by denying Appellant's motion of withdrawal plea violating his rights under the Ohio constitution article I, § 10 and rights under the Sixth and Fourteenth Amendments to the constitution of the United States of America.
>
> 2. The trial court erred in denying Appellant's motion to withdraw plea where Appellant was denied his rights to the effective assistance of counsel and due process as guaranteed under the Ohio constitution article I, § 10 and rights under the Sixth and Fourteenth Amendments to the constitution of the United States of America.
>
> 3. Appellant was not advised on his limited appellate rights, specifically that he could not challenge his sentence under Ohio Revised Code § 2953.08, rendering his plea invalid in violation of his rights under Ohio constitution article I, § 10 and rights under the Sixth and Fourteenth Amendments, and the due process clause of the constitution of the United States of America.

Doc. 7-1, at 123–40. On April 30, 2024, the Ohio Supreme Court declined under Rule 7.08(B)(4) of its rules of practice to accept jurisdiction. *Id.* at 167.

6

*Post-conviction petition*

In December 2023, while his Ohio Supreme Court direct appeal was pending, Haines filed in the trial court a petition under Ohio Revised Code § 2953.21 to set aside his conviction or sentence. Doc. 7-1, at 168–75. The trial court denied Haines's petition in January 2024. *Id*. at 204–05.

Haines appealed the trial court's order, *id*. at 206, and raised two assignments of error:

> 1.  The trial court abused its discretion by denying Appellant's post- conviction without a hearing violating his rights under the Ohio constitution article I, § 10 and rights under the Fifth and Fourteenth amendments to the constitution of the United States of America.
>
> 2. The trial court erred in denying Appellant's post-conviction petition showing where Appellant was denied his right to the effective assistance of counsel and due process as guaranteed under the Ohio constitution article I, § 10 and rights under the Fifth, Sixth and Fourteenth amendments to the constitution of the United States of America.

*Id*. at 219. The court of appeals affirmed in June 2024. *See State v. Haines*, 2024-Ohio-2321, 2024 WL 3026855 (Ohio Ct. App. 2024).

Haines filed a notice of appeal with the Ohio Supreme Court. Doc. 7-1, at 283–84. In his memorandum in support of jurisdiction, Haines raised two propositions of law:

> 1.  The trial court abused its discretion by denying Appellant's post-conviction petition without a hearing violating his rights under the Ohio constitution's article I, § 10 and rights under the

7

> Fifth and Fourteenth amendments to the
> constitution of the United States of America.
>
> 2.   The trial court erred in denying Appellant's post-
>      conviction petition showing where Appellant was
>      denied his right to the effective assistance of
>      counsel and due process as guaranteed under the
>      Ohio constitution article I, § 10 and rights under
>      the Fifth, Sixth and Fourteenth amendments to
>      the constitution of the United States of America.

*Id.* at 286. On October 1, 2024, the Ohio Supreme Court declined under Rule

7.08(B)(4) of its rules of practice to accept jurisdiction. *Id.* at 167.

> *Federal habeas proceedings*

Haines filed a petition for writ of habeas corpus on November 20, 2024.

Doc. 1, at 17; *see Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that an

imprisoned petitioner's petition is deemed filed when he places it in his prison's

mailing system). He raises the following ground for relief:

> Ground One: The trial court abused its discretion by
> denying Petitioner's post-conviction petition without
> a hearing violating his rights under the Ohio
> Constitution, Article I, § 10 and rights under the
> Fifth and Fourteenth amendments to the
> Constitution of the United States.
>
> Ground Two: The trial court erred in denying
> Petitioner's post-conviction petition showing where
> petitioner was denied his right to the effective
> assistance of counsel and due process as guaranteed
> under the Ohio Constitution, Article I, § 10 and
> rights under the Fifth, Sixth and Fourteenth
> amendments to the Constitution of the United
> States.
>
> Ground Three: The trial court abused its discretion
> by denying Petitioner's motion to withdraw plea
> violating his rights under the Ohio Constitution,

8

Article I, § 10 and rights under the Sixth and Fourteenth amendments to the Constitution of the United States of America.

Ground Four: The trial court erred in denying Petitioner's motion to withdraw plea where petitioner was denied his right to the effective assistance of counsel and due process as guaranteed under the Ohio Constitution, Article I § 10 and rights under the Sixth, and Fourteenth amendments to the Constitution of the United States of America.

Ground Five: Petitioner was not advised on his limited appellate rights, specifically that he could not challenge his sentence under Ohio Constitution, Article I, § 10 and rights under the Sixth, and Fourteenth Amendments, and the due process clause of the Constitution of the United States of America.

Doc. 1, at 6–13. The Warden filed a return, Doc. 7, Haines filed a traverse, Doc. 10.

## Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, § 104, 110 Stat. 1214 (AEDPA or "the 1996 Act"), habeas petitioners must meet certain procedural requirements to have their claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct

concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). But when "state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review." *Id.*

*Exhaustion*

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). To exhaust his remedies, a state defendant with federal constitutional claims must "fairly presen[t]" those claims to the state courts before raising them in a federal habeas corpus action. *Robinson*, 950 F.3d at 343 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006). A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845–48 (1999); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). And a habeas petitioner must "present[] both the factual and legal basis for [the] claims to the state courts." *Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012). This means that the "'petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law.'" *Williams*, 460 F.3d at 806 (quoting *Koontz v. Glossa*, 731

F.2d 365, 368 (6th Cir. 1984)). "'[G]eneral allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present claims" that specific constitutional rights were violated.'" *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (quoting *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006)).

*Procedural default*

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id.* In *Maupin v. Smith*, the Sixth Circuit directed courts to consider four factors when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

11

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see Woolbright v. Crews*, 791 F.3d 628, 631 (6th Cir. 2015) ("When a petitioner has failed to fairly present … claims to the state courts and no state remedy remains, [the] claims are considered to be procedurally defaulted.") (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)). While the exhaustion requirement is technically satisfied in this circumstance because state remedies are no longer available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), a petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review, *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show "cause for the default and actual prejudice as a result of the alleged violation of federal law," or show that a "fundamental miscarriage of justice" will result if the petitioner's claims are not considered. *Coleman*, 501 U.S. at 750.

*Merits review*

If a state's courts adjudicated the merits of a claim, a habeas petitioner may obtain habeas relief under 28 U.S.C. § 2254, if the petitioner can establish one of two predicates. To establish the first predicate, the petitioner "must identify a 'clearly established' principle of 'Federal law' that" has been established by a holding of the Supreme Court. *Fields v. Jordan*, 86 F.4th 218,

12

231 (6th Cir. 2023) (en banc); *see* 28 U.S.C. § 2254(d)(1). The petitioner must then show that the state court's adjudication "was contrary to," or "involved an unreasonable application of" that "clearly established" precedent. 28 U.S.C. § 2254(d)(1); *see Fields*, 86 F.4th at 232.

To establish the second predicate, the petitioner must show that the state's court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or" based on "a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A]n 'unreasonable application of'" the Court's holdings is one that is "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003)).

"[A] 'clearly established' principle of 'Federal law'" refers to the "holdings," not "dicta," of the Supreme Court's decisions. *Fields*, 86 F.4th at 231 (quoting 28 U.S.C. § 2254(d)(1) and *Woodall*, 572 U.S. at 419). A state court

is not required to cite Supreme Court precedent or reflect an "awareness" of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *see Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *see White*, 572 U.S. at 426 ("Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error.").

In determining whether the state court's decision involved an unreasonable application of law, the Court uses an objective standard. *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

## Discussion

*1.    Haines's claims raised in grounds three and four are meritless*

For ease of analysis, the Court takes Haines's grounds for relief out of order and begins with grounds three and four, which both concern the trial court's denial of his motion to withdraw his plea. In ground three, Haines asserts that the trial court abused its discretion by denying the motion because his counsel was ineffective in that (1) counsel advised Haines that he had no option but to accept a plea deal, (2) counsel failed to conduct a reasonable investigation, and (3) counsel filed no "substantive motions" and withdrew "a crucial discovery subpoena." Doc. 1, at 9. In a supporting memorandum, Haines elaborates, claiming that he had little time to review his offered plea deal before being "rushed." *Id*. at 37. He also claims that "counsel failed to negotiate." *Id*. Haines adds that he relied on counsel's advice when he waived his rights and pleaded guilty. *Id*. at 38.

In ground four, Haines similarly says that the trial court erred because counsel's representation was "inadequate … and but for that representation, [Haines] would have proceeded to trial." *Id*. at 11. Haines asserts under this ground that counsel failed to take a number of steps to properly represent Haines. *Id*. at 42–43. He asserts that "the complete lack of effort by trial counsel to meet that minimum standard is wholeheartedly indicative of ineffective assistance of counsel." *Id*. at 43. Haines also claims that "Counsel neglected to negotiate any meaningful plea in his favor." *Id*.

15

Haines raised these issues in his initial appeal before the Ohio court of appeals. That court found them meritless:

{¶8} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "To ensure compliance with the constitutional mandates, Criminal Rule 11 was adopted." *State v. McDaniel*, 11th Dist. Portage No. 2017-P-0098, 2020-Ohio-7003, ¶ 11. A trial court's compliance with Criminal Rule 11 creates a presumption that a plea was entered knowingly, intelligently, and voluntarily. *State v. Philpot*, 8th Dist. Cuyahoga No. 110828, 2022-Ohio-1499, ¶ 16; *State v. Coffman*, 5th Dist. Ashland No. 21-COA-015, 2022-Ohio-217, ¶ 15; *State v. Simpson*, 2d Dist. Greene No. 2020-CA-38, 2021-Ohio-2700, ¶ 8.

{¶9} "When a defendant alleges ineffective assistance of counsel arising from the plea process, the defendant must meet the two-prong test set out in *Strickland* [*v. Washington*], 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674." *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 14. "First, the defendant must show that counsel's performance was deficient." *Id*. at ¶ 15, citing *Strickland* at 687. "Second, the defendant must demonstrate prejudice resulting from counsel's deficient performance." Id. at ¶ 16, citing *Strickland* at 687. "The defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. at ¶ 16, quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Johnson*, 11th Dist. Trumbull No. 2016-T-0091, 2018-Ohio-2465, ¶ 26 ("[t]he ineffective assistance will only be found to have affected the validity of the plea when

16

it precluded the defendant from entering the plea knowingly and voluntarily") (citations omitted).

{¶10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.

{¶11} "Ohio courts have held that 'manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" (Citation omitted.) *State v. Bradford*, 8th Dist. Cuyahoga Nos. 110907 et al., 2022-Ohio-1503, ¶ 12; *State v. Jones*, 4th Dist. Gallia No. 19CA9, 2020-Ohio-7037, ¶ 21 ("[a] trial court violates a defendant's due process rights, and hence may produce a manifest injustice, if it accepts a guilty plea that the defendant did not enter knowingly, intelligently, and voluntarily") (citation omitted). Accordingly, "[i]f a defendant shows that he or she did not enter a plea knowingly, intelligently or voluntarily, the defendant may establish a manifest injustice sufficient to warrant withdrawal of the guilty plea under Crim.R. 32.1." (Citation omitted.) *State v. Artuso*, 11th Dist. Ashtabula No. 2022-A-0009, 2022-Ohio-3283, ¶ 21*; see also State v. Garcia*, 11th Dist. Ashtabula No. 2022-A-0066, 2023-Ohio-2446, ¶ 13.

{¶12} "The credibility and weight of the defendant's assertions in support of a motion to withdraw a plea and the decision as to whether to hold a hearing are matters entrusted to the sound discretion of the trial court." *Romero* at ¶ 34. "[A] trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." (Citations omitted.) *State v. Kurdi*, 2022-Ohio-4459, 203 N.E.3d 796, ¶ 7 (11th Dist.); *State v. Miller*, 7th Dist.

Mahoning No. 22 MA 0090, 2023-Ohio-2290, ¶ 9 ("[a] hearing is required on a post-sentence Crim.R. 32.1 motion if the facts alleged by the defendant and accepted as true by the trial court would require the court permit a guilty plea to be withdrawn").

{¶13} "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32; *Romero* at ¶ 13.

{¶14} Haines argues that trial counsel's deficient performance rendered his plea unknowing and unintelligent: "Appellant was provided a proposal and plea paperwork the day of his scheduled hearing on October 12, 2022. Appellant was given little time to review the document with his attorney before being rushed into the courtroom to go on the record. In fact, Appellant was led to believe by his attorney that he had no other option but to take the plea deal, as it was offered that day." Brief of Appellant at 4. We disagree.

{¶15} As noted by the trial court, Haines did not submit any evidentiary materials supporting the foregoing claims or otherwise demonstrating a manifest injustice. Contrary to Haines' claims is the following colloquy from the plea hearing:

> The Court: So, you've had a chance to go over this Plea Agreement in detail with your attorney?
> The Defendant: Yes.
> The Court: Has he answered all your questions?
> The Defendant: Yes.
> The Court: Has he done what you've asked him to do?
> The Defendant: Yes.
> The Court: Do you need more time to talk to him?
> The Defendant: No.

The court then had Haines read the terms of the Plea Agreement into the record himself, repeatedly questioning him if he had questions, understood what he was reading, and if he agreed. In the absence of contrary evidence, Haines' statements at the plea hearing are conclusive as to whether he had an adequate opportunity to review the terms of the Agreement.

{¶16} Haines also asserts ineffective assistance on the grounds that the reliability of the proceedings was undermined by trial counsel's failure to bear skill and knowledge: "A review of the docket reveals that trial counsel filed no substantive motions outside of initial pleadings including entering an appearance, demanding discovery, requesting a bill of particulars, and demanding a notice of intent by the State. The only motion filed outside of standard initial pleadings was a request for Appellant to travel out of Ohio for one night. Certainly, a review of any children service records would be pertinent in a child rape case, however, defense counsel withdrew [his] subpoena for the same." Brief of Appellant at 9. Again, we disagree.

{¶17} A review of the docket evidences trial counsel's due diligence and competence in his representation of Haines. Counsel withdrew the subpoena duces tecum issued to the Ashtabula County Children Services Board in February 2022. The subpoena was withdrawn, however, "pursuant to [r]epresentation from the State of Ohio that no other records exist to its knowledge other than those being produced pursuant to the discovery requests previously submitted by Defendant and that if any additional records that would otherwise have been covered by the subpoena are discovered the Ashtabula County Prosecutor's Office will notify the undersigned counsel of same so that a new subpoena for same can be issued." Under these conditions, there was nothing derelict about counsel's withdrawal of the subpoena.

19

{¶18} On two occasions trial counsel obtained continuances of the plea deadline hearing. The first time was in March 2022. For cause, counsel argued that, in light of the on-going discovery and serious nature of the charges, he needed "additional time to receive, analyze and discuss all of the material that has been received to date as well as the additional material that is to be received." Counsel sought another extension in June 2022. Counsel requested additional time to review "tens of thousands of digital media files" received in discovery the preceding month. Additionally, counsel advised the trial court that plea negotiations had been delayed "due [to] the necessity to reschedule a meeting with the victim and her family." Although counsel sought an extension of at least sixty days, it would be four months before a plea agreement was reached.

{¶19} In light of this record, Haines' claim that trial counsel failed "to take any action in his defense before encouraging him to plead" is unsubstantiated. Similarly, Haines' arguments that "[c]ounsel neglected to challenge a single piece of evidence that led to his conviction and failed to negotiate any meaningful plea in his favor" do not raise colorable claims of ineffective assistance. Brief of Appellant at 11. Haines fails to identify any particular evidence produced by the State or the grounds on which it could have been challenged. The State's several Notices of Submission and Intent to Use Evidence filed prior to the plea hearing attest the quantity (if not the quality) of the evidence against Haines. Moreover, the State agreed to dismiss Counts One and Five of the Indictment as part of the Plea Agreement which is significant in that Count One carried a potential maximum sentence of life imprisonment. See R.C. 2907.02(A)(1)(b) and (B) and R.C. 2971.03(A)(3)(d)(i).

*Haines*, 2023 WL 5529698, at *1–3.

20

To begin with, Haines ignores the court of appeals' decision and his burden. He makes no argument that the court of appeals' decision was contrary to or involved an unreasonable application of relevant Supreme Court precedent. *See* Doc. 1, at 36–44; *see also* 28 U.S.C. § 2254(d)(1). And he makes no argument that the court of appeals' decision involved an "unreasonable application of the facts." *See* Doc. 1, at 36–44; *see also* 28 U.S.C. § 2254(d)(2). These requirements in Section 2254(d) are notably not mere suggestions that a court can simply ignore. *See Blackmon v. Booker*, 696 F.3d 536, 557 (6th Cir. 2012) (chiding a district court for "ignor[ing] the myriad of limitations that § 2254(d)(1) imposed on its review"). Rather, section 2254(d) places "a heavy burden for a petitioner to overcome." *Tibbetts v. Bradshaw*, 633 F.3d 436, 442 (6th Cir. 2011) (emphasis added).

Rather than trying to meet his burden Haines simply repeats the arguments previously made to and rejected by the court of appeals on direct appeal. *Compare* Doc. 7-1, at 74, 76–82 (Haines's brief to the court of appeals on direct appeal), *with* Doc. 1, at 36–44 (Haines's federal habeas corpus petition). By merely reiterating his argument that the trial court erred or abuse its discretion, Haines's fails to overcome the deference this Court owes to the court of appeals' decision. *See* 28 U.S.C. § 2254(d).

But even if Haines had attempted to carry his burden, he would fare no better. For starters, there is no constitutional right to withdraw a guilty plea. *Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). Any right that Haines

might have to withdraw his guilty plea is thus a matter of state law. And state-law determinations are beyond the scope of federal habeas review, *see Estelle v. McGuire*, 502 U.S. 62, 67 (1991), unless the proceeding or decision at issue was so fundamentally unfair as to rise to the level of denial of due process, *see id*. at 67–68.

In Ohio, a defendant who moves to withdraw a guilty plea after sentencing must show that a "manifest injustice" will otherwise result if the motion is not granted. Ohio Crim. R. 32.1; *see State v. Young*, 2004-Ohio-2711, 2004 WL 1172870, at *3 (Ohio Ct. App. 2004). Ohio courts will find a manifest injustice "only in extraordinary cases." *State v. Smith*, 361 N.E.2d 1324, 1326 (Ohio 1977). Under Ohio precedent, "[i]f a defendant shows that he or she did not enter a plea knowingly, intelligently or voluntarily, the defendant may establish a manifest injustice sufficient to warrant withdrawal of the guilty plea under Crim.R. 32.1." *State v. Artuso*, 2022-Ohio-3283, 2022 WL 4298181, at *5 (Ohio Ct. App. 2022). And "[i]neffective assistance of counsel can constitute a manifest injustice warranting a withdrawal of a guilty plea." *State v. Davner*, 100 N.E.3d 1247, 1259 (Ohio Ct. App. 2017).

In making his argument, Haines seemingly relies on evidence that he submitted with his later post-conviction petition but failed to submit in support of his motion to withdraw his plea. *See* Doc. 1, at 37–38, 43 (making factual assertions). As the trial and appellate courts remarked, however, Haines did not submit *any* evidence to support his motion. *See* Doc. 7-1, at 65; *Haines*,

2023 WL 5529698, at *2. Evidence supporting these factual assertions was not before the court of appeals when it adjudicated Haines's direct appeal. The trial and appellate court thus appropriately disregarded Haines's counsel's unsupported assertions and instead focused on what was reflected in the record. *See* Doc. 7-1, at 65 ("It is initially noted that the defendant's attorney did not submit any evidentiary documents demonstrating manifest injustice. The determination of alleged ineffectiveness appears to be based solely upon the record."); *Haines*, 2023 WL 5529698, at *2–3.

So Haines's claim necessarily rests on the argument that, on its face, the record shows that his counsel was ineffective. Assuming that this question— whether Haines demonstrated ineffective assistance sufficient to meet the state-law manifest-injustice test—is cognizable,[1] the court of appeals' decision neither involved an unreasonable application of relevant Supreme Court precedent, nor an "unreasonable application of the facts." *See* 28 U.S.C. § 2254(d)(1), (2).

First off, the court of appeals recited the standard relevant to claims of ineffective assistance of counsel. *See Haines*, 2023 WL 5529698, at *1 (noting that under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner claiming ineffective assistance of counsel must show deficient performance and

---

[1]     *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

resulting prejudice). Haines recites the same test in his petition. *See* Doc. 1, at 37.

Second, the court of appeals dispatched the notion that the record might support Haines's claims. Haines affirmed under oath that he and his counsel had reviewed his plea agreement "in detail," that counsel answered all of this questions, and that he did not need more time to talk to counsel. *Haines*, 2023 WL 5529698, at *2–3. And then Haines read the terms of the plea agreement into the record. *Id*. at *3.

The record also showed that counsel only withdrew a subpoena after the State represented that no additional responsive records existed and stated that it would inform counsel if other records were discovered. *Id*. Also, the record revealed the affirmative actions that counsel took in representing Haines. *Id*. As the court noted, the record belied the assertion that counsel "failed 'to take *any* action'" on Haines's behalf. *Id*. Finally, the court remarked on the fact that Haines had failed to (1) identify evidence that counsel could have challenged, or (2) account for the fact that under the plea agreement, the State agreed to dismiss two counts, one of which "carried a potential maximum sentence of life imprisonment." *Id*.

This Court is bound to presume the accuracy of these factual determinations unless Haines shows otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Johnson*, 525 F.3d at 474. But he points to

nothing that would cause the Court to doubt them. So Haines's third and fourth grounds are meritless.

### 2. The court of appeals' reliance on res judicata bars review of Haines's claims raised in grounds one and two.

In grounds one and two Haines alleges that the trial court erred in denying his post-conviction petition. The basis for his ground one claim is that the trial court coerced his plea through the use of "psychological tactics to time pressure" Haines. Doc. 1, at 6. Haines raised this issue as his first claim in his post-conviction petition, Doc. 7-1, at 170, his first appellate assignment of error before the court of appeals, *id*. at 224–28, and his first proposition of law before the Ohio Supreme Court, *id*. at 292–96.

The basis for Haines's ground two claim is that his counsel was ineffective for not objecting to the trial court's "'direct involvement' and pressuring [Haines] to enter into a rushed plea agreement." Doc. 1, at 8. Haines raised this issue as his second claim in his post-conviction petition, Doc. 7-1, at 172–73, his second appellate assignment of error before the court of appeals, *id*. at 228–38, and his second proposition of law before the Ohio Supreme Court, *id*. at 296–306.

Haines supported these claims with three affidavits. *See id*. at 197–203.

Review of the trial and appellate courts' decisions shows that Haines has ignored the basis for their decisions. In adjudicating Haines post-conviction petition, the trial court noted that Haines "raised both the issue of his guilty plea and the issue of ineffective assistance of counsel on direct

25

appeal" and the court of appeals "rejected [his] arguments" on direct review. Doc. 7-1, at 205. The trial court further noted that Haines's supporting affidavits spoke "to matters which were known by [Haines] before his guilty plea and sentence or [that] could have been known through reasonable diligence." *Id*. As a result, the trial court concluded that Haines's claims were barred by Ohio's res judicata doctrine. *Id*.

On appeal, the court of appeals noted that although Haines "argue[d] the merits of his Postconviction Petition …[,] [t]he trial court did not deny the Petition on its merits." *Haines*, 2024 WL 3026855, at *2. Rather, the trial court ruled based on "res judicata[,] … which" was "determinative of [Haines's] appeal." *Id*.

Before this Court, Haines continues this trend. Indeed, comparison of Haines's briefing before the court of appeals and the Ohio Supreme Court and the memorandum in support of his petition filed in this Court shows that, with certain immaterial changes, all three documents are functionally identical as to his first and second grounds for relief. *Compare* Doc. 7-1, at 170, 172–73, 224–38, 292–306, *with* Doc. 1, at 21–35.

Oddly enough, even though it was the basis for the court appeals' rejection of the issues contained in grounds one and two, the Warden does not fully rely on res judicata. "[I]n the habeas setting," however, this Court is "not bound by the state's litigation decisions." *Whitman v. Gray*, 103 F.4th 1235,

1239 (6th Cir. 2024), *cert. denied sub nom. Whitman v. Smith*, 145 S. Ct. 1060 (2025).

Under Ohio's res judicata doctrine, "a final judgment of conviction bars a convicted defendant from raising in any proceeding, except an appeal from that judgment, any issue that was raised, or could have been raised, at trial or on appeal from that judgment." *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004). Importantly, the Sixth Circuit has held that Ohio's res judicata bar is "actually" and "consistently" enforced by Ohio's courts. *Hoffner v. Bradshaw*, 622 F.3d 487, 498 (6th Cir. 2010); *see Whitman*, 103 F.4th at 1239. It thus represents an adequate and independent basis to foreclose federal habeas review of a constitutional issue. *Whitman*, 103 F.4th at 1239; *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001).

As a result, because the court of appeals enforced Ohio's res judicata bar as to Haines's first and second grounds for relief, the res judicata rule bars review of Haines's first and second grounds for relief.

It is true that a habeas court can "consider the merits of procedurally defaulted claims" if "the petitioner demonstrates cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice." *Williams*, 460 F.3d at 805–06. Haines, though, does not attempt to show cause or prejudice or that a

fundamental miscarriage of justice would result if his claim were not considered.[2] So there is no basis to excuse his default.

Haines's first and second grounds are procedurally defaulted.

*3. Haines's ground five claim was not fairly presented, is not cognizable and, in any event, is meritless.*

In his fifth ground for relief, Haines claims error because neither the trial court nor his counsel "explain[ed] that [he] could not appeal his sentence." Doc. 1, at 45. Haines raised a similar argument in his direct appeal to the court of appeals, although his argument focused only on the trial court. *See* Doc. 7-1, at 82–83. The argument he presents now is substantially the same as the argument that he raised before the Ohio Supreme Court. *Compare* Doc. 7-1, at 137–40, *with* Doc. 1, at 44–47.

As noted, to exhaust his remedies, a habeas petitioner must "fairly presen[t]" his constitutional claims to the state courts before raising them in a federal habeas corpus action. *Robinson*, 950 F.3d at 343 (citation omitted). To satisfy the fair presentation requirement, a habeas petitioner "must present his claim to the state courts *as a federal constitutional issue*—not merely as an

---

[2]    A claimed fundamental miscarriage of justice rests on a showing of actual innocence. *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006); *see Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012). And a claim of actual innocence "requires the petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Haines, however, hasn't presented "new reliable evidence." So there is no need to consider whether he's shown that a "fundamental miscarriage of justice" will result if his claims are not considered.

issue arising under state law.'" *Williams*, 460 F.3d at 806 (emphasis added) (citation omitted).

Haines did not claim before the court of appeals that *his counsel* failed to explain that he could not appeal his sentence. *See* Doc. 7-1, at 82. Rather he only raised this issue with respect to the trial court. *Id.* ("In this case, the trial court failed to explain that Appellant could not appeal his sentence in this case.").

Further, review of Haines's briefing before the court of appeals and the Ohio Supreme Court reveals that he never presented his ground five claim— his third assignment of error and third proposition of law, respectively—to Ohio's courts as a federal constitutional claim. *See* Doc. 7-1, at 82–83, 137–40. Rather, he relied only on Ohio statutes, cases, and rules. *See id.* at 82–83, 137–40. And the court of appeals adjudicated Haines's issue as one raised under state law; it relied on Ohio statutes, cases, and rules. *Haines*, 2023 WL 5529698, at *4.

It's true that Haines mentioned the Sixth and Fourteenth Amendments in the caption to his proposition of law before the Ohio Supreme Court, Doc. 7-1, at 137, but he did not do the same before the court of appeals, *see id.* at 82. Moreover, "'general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present claims" that specific constitutional rights were violated.'" *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (quoting *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006)).

The same is true for Haines's habeas petition. Although he makes a passing reference the Sixth and Fourteenth Amendments, his argument concerns the same Ohio statutes, cases, and rules. But state law issues are not cognizable in habeas. *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *see Lewis*, 497 U.S. at 780 ("[F]ederal habeas corpus relief does not lie for errors of state law."). So even putting the fair presentment requirement aside, Haines's ground five cannot succeed.

Finally, and in any event, Haines's ground five claim fails on the merits. As part of his plea agreement, Haines pleaded guilty to a stipulated sentence under Ohio Revised Code § 2953.08(D)(1). Doc. 7-1, at 12, 15. That statute provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In other words, "as long as the agreed-upon sentence is 'authorized by law,' it is shielded from appellate review." *Butler v. Warden, Lebanon Corr. Inst.*, 483 F. App'x 102, 107 (6th Cir. 2012).

Haines says that the trial court erred by failing to tell him that he could not appeal his sentence. But Haines "cites no authority—let alone clearly established federal law—for the proposition that a trial court has a positive duty to inform defendants who stipulate to sentences how § 2953.08(D) will affect their appellate rights." *Id.* at 109. "In fact," as the Sixth Circuit has noted, "case law suggests the opposite." *Id.* (citing *Thompson v. Sheets*, No.

3:07-cv-2423, 2009 WL 2176050, at *1–3 (N.D. Ohio July 21, 2009) and *Holcomb v. Wilson*, No. 3:05-cv-803, 2008 WL 2568303, at *3 (N.D. Ohio June 24, 2008); *see Caraballo v. Bracy*, No. 1:16-cv-3024, 2018 WL 3640202, *6 (N.D. Ohio June 12, 2018) ("courts within this circuit applying Ohio law have found there can be no due process violation based on a trial court's failure to inform, if there was no underlying right to appeal."), *report and recommendation adopted*, 2018 WL 3632217 (N.D. Ohio July 30, 2018).

Even if Haines had fairly presented his ground five claim and it were cognizable, it would fail.

### Conclusion

For all the above reasons, the Court should dismiss Haines's petition.

Dated: October 29, 2025

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).