**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS J. HAINES, | ) | CASE NO. 1:24-CV-02134 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES JR. |
| WARDEN SHELBIE SMITH, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Before the Court are Petitioner Douglas J. Haines' ("Petitioner") untimely objections to the Report and Recommendation ("R&R") issued by Magistrate Judge James E. Grimes' on October 29, 2025. (ECF Nos. 11, 15). Because the Court adopted the R&R prior to Petitioner filing his objections, the Court therefore construes Petitioner's objections as a request to reconsider/vacate the Court's Opinion and Order Adopting the Magistrate's Report and Recommendation and the corresponding Judgment Entry issued on January 6, 2026 (the "January 6 Order and Judgment"). For the reasons stated herein, the Court hereby **VACATES** the January 6 Order and Judgment, **OVERRULES** Petitioner's objections to the R&R, and **ADOPTS** the R&R. The Petition for Writ of Habeas Corpus (the "Petition") is hereby **DISMISSED**.

## I.    BACKGROUND

Petitioner is currently in custody at the Belmont Correctional Institution serving a sentence of twenty-eight to thirty-three years imprisonment imposed in the Ashtabula County Court of Common Pleas. (ECF No. 1, PageID #19). On December 5, 2024, he filed the Petition now before the Court. (ECF No. 1). In the Petition, he raises five grounds for relief: (1) the trial court abused its discretion by denying Petitioner's post-conviction petition without a hearing; (2) the trial court

1

erred in denying Petitioner's post-conviction petition where Petitioner was denied the right to effective assistance of counsel; (3) the trial court abused its discretion by denying Petitioner's motion to withdraw his plea; (4) the trial court erred in denying Petitioner's motion to withdraw his plea where Petitioner was denied effective assistance of counsel; and (5) Petitioner was not advised of his limited appellate rights which renders his plea invalid.  (*Id.* at PageID 21–22, 25, 36–45).

On December 12, 2024, this matter was automatically referred to Magistrate Judge Grimes for preparation of a R&R.  (Automatic Reference [non-document] dated 12/12/2024).  On October 29, 2025, Magistrate Judge Grimes issued an R&R recommending that this Court deny the Petition on all grounds.  (ECF No. 11).  On December 1, 2025, Petitioner filed a motion requesting an extension of time to file his objections.  (ECF No. 12).  Petitioner's motion stated he had not yet received the R&R when the deadline to file objections passed.  (*Id*. at PageID #481).  The Court granted Petitioner's motion and ordered objections to be filed by January 2, 2026.  (Order [non-document] dated 12/3/2025).  On January 6, 2026, absent objection by the stated deadline, the Court adopted the R&R, denied and dismissed the Petition, and certified that an appeal from the decision could not be taken in good faith.  (ECF No. 14).

On January 20, 2026, the Clerk of Courts received Petitioner's objections to the R&R.  (ECF No. 15).  In addition to the objections, Plaintiff stated that he submitted his objections to the prison mail system on December 24, 2025.  (*Id.* at PageID #498).   The face of the envelope containing Petitioner's objections reads "LEGAL MAIL DO NOT DELAY MAILED 12/24/25."  (ECF No. 15-1, PageID #499).  On January 21, 2026, the Court ordered Respondent to file a response addressing Petitioner's assertion regarding the timing of his submission of the objections for mailing including, to the extent it exists, documentation indicating the timing of said

2

submission.  (Order [non-document] dated 1/21/2026).  Respondent submitted a response on January 28, 2026, asserting that Petitioner's objections were untimely because he did not place the objections in the prison's legal mailbox system, but submitted the objections via a regular mailbox in the jail yard, as shown by the "embossed envelope" that did not require additional postage. (ECF No. 16, PageID #501).  Respondent attached Petitioner's inmate demand statement showing a lack of postage charges, as well as the institution's legal mail log, which shows that Petitioner did not send legal mail during the relevant time.  (ECF Nos. 16-1, 16-2).

## II.    DISCUSSION

### A.  Timeliness of Petitioner's Objections to the R&R

Whether Petitioner's objections may be considered timely depends on whether Petitioner receives the benefit of the prison mailbox rule.  If a prisoner has access to a legal mail system, and uses it, a filing is considered timely when it is deposited into the prison's legal mailbox system before the filing deadline.  *See United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016); *Blacksmith v. Mays*, No. 3:20-cv-00036, 2023 WL 2027803, at *3 (M.D. Tenn. Feb. 15, 2023). Here, Petitioner had access to a legal mail system at the prison, as shown by the legal mail log. (ECF No. 16-1).  Based on the legal mail log and Petitioner's inmate demand statement, Petitioner did not use the prison's legal mailbox system to submit the objections to the R&R.  (ECF Nos. 16-1, 16-2).  The "legal mail" designation on the face of the envelope is insufficient.  (ECF No. 15-1, PageID #499).  The legal mail log suggests a specific process by which prisoners are to send legal mail, which Petitioner did not follow.  Accordingly, the Court finds that Petitioner's failure to use the prison's legal mailbox system precludes his reliance on the prison mailbox rule and finds Petitioner's objections as untimely.  Nonetheless, the Court will address the merits of Petitioner's objections and vacate the January 6 Order and Judgment.  (ECF Nos. 13, 14).

### B. Petitioner's Objections to the R&R

#### 1. Legal Standard

Before addressing the merits of Petitioner's objections to the R&R, the Court addresses the standard governing Petitioner's objections.  Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within 14 days after service.  Under the Federal Magistrates Act, a district court must review *de novo* those portions of the R&R to which the parties have objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  Objections, however, must be specific to trigger *de novo* review.  *EEOC v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The parties have a duty to pinpoint those portions of the magistrate's report that the district court must specially consider.")); *Williams v. Haviland*, No. 3:22-cv-31, 2025 WL 892554, at *1 (N.D. Ohio Mar. 24, 2025) ("To trigger *de novo* review, objections must be specific, not vague, general, or conclusory") (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)) (internal quotations omitted).  "A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge." *Id.* (citing *Howard v. Sec'y of Health Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  When the objection "makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition," the district court reviews the R&R for clear error alone.  *Id.* (quoting *Brooks v. Invista (Koch Indus.)*, 528 F. Supp. 2d 785, 788 (E.D. Tenn. 2007)); *see also Thomas v. Arn*, 474 U.S. 140, 156 (1985) (Brennan, J., dissenting) ("The [Magistrate's] Act clearly specifies the penalty for a party's failure to file objections to the magistrate's report—the party loses his right to *de novo* review by the district court.").

4

A party must also limit his objections to those matters previously argued before the Magistrate Judge.  This is because arguments "raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived."  *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)) (cleaned up).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

The Court notes that Petitioner does not object to the findings of the Magistrate Judge as to ground five of the Petition.   That said, the Court **ADOPTS** the summary of underlying facts, procedural history, and Magistrate Judge Grimes' recommendation as to ground five.  The Court now turns to Petitioner's objections as to grounds one, two, three, and four.  They are addressed in the same order as in the R&R and in Petitioner's objections.

### 2.  *Grounds Three and Four*

Petitioner asserts that the R&R is unreasonable in its conclusion that grounds three and four are meritless.  (ECF No. 15, PageID #495).  With regard to ground three, Magistrate Judge Grimes explained that Petitioner simply restated arguments previously made to and rejected by the court of appeals on direct appeal and failed to acknowledge his burden to show that the court of appeals decision was contrary to or involved an unreasonable application of relevant Supreme Court precedent.  (ECF No. 11, PageID #465–69).  Magistrate Judge Grimes further stated that "even if Haines had attempted to carry his burden, he would fare no better" because a constitutional right to withdraw a guilty plea does not exist.  (*Id.* at PageID #470).

Petitioner's objections as to grounds three and four set forth the same arguments previously made to and rejected by the court of appeals and Magistrate Judge Grimes.  Petitioner's objections

5

acknowledge Magistrate Judge Grimes recitation of authority and that the Court must decide whether a conviction violated the Constitution, laws, or treaties of the United States on habeas review.  (ECF No. 15, PageID #496).  But Petitioner goes no further to argue that the court of appeals decision was contrary to or involved an unreasonable application of relevant Supreme Court precedent.  Perhaps it is because he cannot.  Just as Magistrate Judge Grimes stated, there is no constitutional right to withdraw a guilty plea, and Petitioner did not submit any evidence to the trial court in support of his motion to withdraw his plea under Ohio law.  (ECF No. 11, PageID #470); *Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013).  As stated by Magistrate Judge Grimes, "Haines's claim necessarily rests on the argument that, on its face the record shows that his counsel was ineffective."  (ECF No. 11, PageID #472).  Based on the record, it is uncontested that Petitioner affirmed under oath that he and his counsel reviewed the plea agreement "in detail," counsel answered all his questions and did what Petitioner had asked of him, and that Petitioner did not need more time to talk to counsel.  (*Id.* at PageID #467).  Given all of these considerations, there is no reason to depart from Magistrate Judge Grimes' recommendation.  Petitioner's objections as to grounds three and four are overruled.

### 3. Grounds One and Two

Petitioner objects as to grounds one and two and argues that the trial court erred in denying his post-conviction petition.  With respect to ground one, Petitioner argues that the trial court coerced his plea through use of "psychological tactics" and "time pressure."  (ECF No. 1, PageID #6).  With respect to ground two, Petitioner argues that counsel was ineffective for not objecting to the trial court's direct involvement with and pressure on Petitioner to enter the plea agreement.  (*Id.* at PageID #8).  Petitioner supported both assertions with three affidavits.  (*Id.* at PageID #22; ECF No. 7-1, PageID #197–203).

Magistrate Judge Grimes found that Petitioner's first and second grounds were procedurally defaulted.  (ECF No. 11, PageID #477).  He explained that the court of appeals enforced Ohio's res judicata bar as to Petitioner's post-conviction claims which Petitioner failed to overcome by show of cause or prejudice.  (*Id.* at PageID #475).  In Petitioner's objections to grounds one and two, he states that the three affidavits which were attached to the post-conviction petition were newly discovered evidence under the delayed discovery doctrine.  (ECF No. 15, PageID #496).  Petitioner contends that he did not learn of the trial judge's alleged involvement until several months later, and that even with due diligence, he could not have discovered it any sooner.  (*Id.*).  But Petitioner did not make this argument in his Petition, and it may not be raised for the first time in an objection.  *See Morgan*, 67 F.4th at 367.  The Court therefore overrules Petitioner's first and second objections and finds no error with Magistrate Judge Grimes' conclusions as to same.

### III.    CONCLUSION

Accordingly, the Court hereby **GRANTS** Petitioner's construed request to vacate the January 6 Order and Judgment, **VACATES** the January 6 Order and Judgment, **OVERRULES** Petitioner's objections to the R&R, and **ADOPTS** the R&R.  The Petition for Writ of Habeas Corpus is hereby **DISMISSED**.  The Court **CERTIFIES** that an appeal from this decision could not be taken in good faith.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: April 15, 2026

_____
**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**